Thank you very much, Counselor, for giving us your name. Your Honor, there are two issues, two aspects, discreet but important in this case. The first one is, of course, whether or not there is or should be a privilege, an attorney-client privilege extension. The second one is, and probably more of the focus of the argument of the government, is whether or not the grand jury indictment should be set aside. Both motions were before District Judge Ishii. He did not reach the second one because he decided there was no privilege unless this Court told him there was a privilege. And at this point, this Court and no other court that we can find has ever spoken on this issue. This issue is extremely important because it is statutorily given to this Court to decide it. In this way, the issue of whether or not there is a privilege that should be extended is normally dealt with the common law, and that's what the Federal Rules of Evidence 501 say. In light of reason and experience, Congress stepped over the common law and enacted a statutory privilege for somebody who would not have otherwise, under the jurisprudence of the state, been given the common law privilege. That's in 7525A2, correct? Yes. So under 7525A2, it says, the privilege may be asserted in any non-criminal tax matter. Right. And that's the extent of the congressional privilege. Can I ask you a question or two about this? Sure. Was the grand jury convened to determine the amount of tax owed? They were not. Your Honor, it was the grand jury. Was the grand jury convened to collect the taxes? They were not, Your Honor. Was the grand jury convened for anything that had to do with civil liability? Nothing to do with civil liability. So non-criminal? I don't know. That's for the Court to decide. I mean, it was even convened for all to do with taxes. The grand jury can't charge taxes. I concur with the Court. It was certainly not to determine taxes. So when the grand jury charged, did they charge tax charges against anybody? They charged criminal charges under the tax laws. Did the grand jury eat the tax charges? Well, they didn't even charge something about taxes when they charged presenting a fictitious U.S. security, did they? They did not. They charged about taxes. No connection to taxes at all. The fictitious, other than the fact that it was used to pay taxes, that's correct. So how do I say this is a tax matter? You do not. You look at the common law, attorney-client privilege, and you realize that- I'm not looking at the common law now. I'm looking right at the statute. Privilege may be asserted in any non-criminal tax matter. Congress stopped short. It seems to me you're – there's a lot of argument in this case about whether it's criminal or not, but nobody focuses on the word tax. Right. That was a side issue. The collateral issue, the real issue here is whether or not the attorney-client common law privilege should now, by this Court, who is given authority by Congress under 501, should be extended to fill a gap that Congress didn't fill. What's the gap? I mean, you have a statute that seems to be pretty clear on its face. The gap is that Congress, by making its enactment, has turned a situation that was previously not a confidential situation into a confidential situation. By enacting 7525, they have now turned it into a confidential – that is, the intercourse between the tax advisor, the enrolled advisor, and the taxpayer. That has been turned into a – now into a confidential matter, but then they stopped short in the criminal realm, which leads to there's no privilege. Why doesn't Congress have the right and the power to do that? I mean, I may not have voted for that statute if I was in Congress, but why can't Congress do that? I'm not sure Congress had an appropriate right to define what is common law, but Congress defines what is statutory law, and they defined a statutory privilege and stopped short. But just a minute, Counselor. Sure. If Congress enacts a statute, they can abrogate the common law. They can, but they did not. Well, I'm not suggesting they did. I'm just saying if they do. So we can't really say what they can or cannot do is the common law. They can abrogate it. They're not bound by it at all. Correct. Your Honor, absolutely. So we go again to the statute, and that's what my colleague is talking about. And the statute – The statute talks about a non-criminal tax matter. Right. And there's nothing that suggests that they're doing tax matters necessarily. There is nothing, but nothing in the statute prohibits this Court from extending the privilege under 501. And Congress gave a privilege that would actually defeat its own purpose. The purpose is to get candid disclosure by application of that privilege to the Court. We're supposed to say, we appreciate you didn't do it under the statute, but now we, as a court, ought to extend the privilege. That's what you're saying. Only in – only in very limited situations where Congress – where to apply the statute by its plain meaning would create an absurdity. For example, where somebody in a non-criminal matter, when it's clearly non-criminal as it was here, divulges something, and then it becomes criminal later. Why would anybody in the world say a single word to one of these protected people if they thought someday it was going to come? That defeats the purpose of the statute. So this Court comes in and says, in that very limited situation, the common law privilege should be extended because Congress deigned, in its wisdom, to extend a privilege to a otherwise non-privileged, and they fell short of protecting the sanctity of the privilege, of the law. They fell short of protecting what the law needed to do, because there's no way a privilege works. You can't have half a privilege. You can't unspill milk. And that's what Congress didn't do. That's what this Court should be doing under 501. It's saying we need to unspill, we need to protect in a very limited area, and I mean extremely limited, only in the area where we actually have somebody where there's no criminal action happening, we have somebody who spills something under the thought that they're giving privileged information, and then along comes the IRS and says, no, we're going to file criminal charges. What if the tax advisor gave wrong, bad advice on a civil matter, and it turns into criminal? This Court should come in and say justice requires, at least on a criminal, on a matter where the criminal wasn't started. If it had been started, I understand. I accept that. Certainly, Your Honor. I wonder if I could ask you a question about the other part of your case. Certainly, Your Honor. I mean, I think you make certainly a reasonable showing on what you've argued. But there was a lot of evidence before the grand jury that they could have acted on without this information. There was, Your Honor, but unfortunately, the elements of the crime were not there. Mr. Cullors presented the elements of the crime in the grand jury transcript, presented the elements of the crime, and that included willfulness. Mr. Applegate, the investigator, the only other witness, could not give testimony as to willfulness. Only Mr. Ledbetter, the privileged, possibly privileged, could. Now, this Court could renam back to Judge Ishii. Now, just a minute. Sure. I think my colleague's question is pretty good. I do. Even if it was error, there was testimony that he was indicted on and pled guilty to presenting a fictitious instrument purporting to be the actual security. The government, in order to do that, had to prove that he presented a false or fictitious instrument. There was evidence the bills of exchange were introduced, evidence that Applegate testified concerning the redemption theory. He testified, even met with your client and told him the redemption theory had no basis. The bills were then presented to the grand jury. They were sent before those bills were sent even before Ledbetter was hired. The intent to defraud had to come out of Ledbetter's testimony. It could not have come out of Applegate's. That's the essence of it. There's no way Ledbetter, Applegate could have testified to the intent to defraud. The Court could remand this to Judge Ishii because he never really hit that issue, or the Court could decide because, of course, it is an issue that is before the Court. It's a matter of law whether or not we actually would have had an indictment. But the fact of the matter is, without Ledbetter's testimony, it's not likely the grand jury themselves questions very closely. It's kind of a privilege are we supposed to be extending here. Your Honor, you would just I didn't find anything in here in this record that suggests that Ledbetter was an attorney. He's not. He is an I didn't have anything in here that your client thought he was an attorney. He is not. Nobody thought he was. So then, are we extending the accountant privilege? Yes, Your Honor. Beyond what Congress limited it to, to save, in the interest of justice, to save a potential problem with Congress's own bill. Otherwise, the bill just goes to naught, and that's the problem. And that's what I'm asking the Court to do here in, you know, a very limited way, but a very limited way, but certainly in the interest of justice, require it. Thank you, Your Honor. Good morning, Your Honors. Jeremy J. Angieri on behalf of the United States. This Court has asked to decide a discrete issue that was preserved for appeal, and that's whether the district court erred in denying the motion to suppress and dismiss the indictment when it ruled that the statutory privilege did not exist here. Now, clearly, under the language of the statute, and the Court has hit on this, 7525 states in pertinent part that paragraph 1, which deals with this privilege with respect to tax advice, may only be asserted in any non-criminal tax proceeding. Here, there's much to say. You're saying the statute has cleared its face. You recognize that perhaps this person is between a rock and a hard place, but that doesn't mean there's anything illegal about what Congress has done. I guess that's your argument, right? That's right. Congress enacted the statute. In the first five words, it defined and set a closed universe. The common law privilege attaches to with regard to tax advice. Then it's limited in subsections A2 in any non-criminal tax proceeding. The grand jury proceeding here was criminal. The Fifth Amendment says so. Well, the criminal is subject to some question, especially given the case law, but the tax is the better word in there that really hasn't been argued too much. Would you agree? I agree. I mean, we have a case which we can say what the grand jury is, and if you're going to get us to say it's non, that it is criminal, we're going to have to undo that case, aren't we? You're talking about the Post case. Yeah, the Post case. How do you distinguish that, if at all? The Supreme Court spoke about this, did it? It did, and it also spoke about it in Costello and this Court and DiBella, which is set forth in the brief. Well, we've got to have the Supreme Court tell us in so many words it's not a binding precedent. I don't think Costello does it. He tells us how the Supreme Court undid the case. It did not. I would say in our brief, it's ‑‑ Wasn't the Supreme Court awfully clear? We, the Supreme Court, will say when our precedents are no longer binding. That's correct. But I'd say to you that the DiBella case states that presentations before the grand jury are part of the prosecutorial and criminal justice system. Subsequently, we have the advent of the Federal Rules of Criminal Procedure. Where do they change the rule? I'm sorry, Your Honor? Where do they change the law? As far as what? The criminal proceeding? The law? As far as Post. I think Post is a very limited, outdated case with regard to ‑‑ Well, it's old, but there it is. They say that until the indictment is returned ‑‑ I understand you've got three of us who could say old as well. We were all there. We were all there when that happened. You may not have been. I was not. They say until the indictment is returned, it's not criminal. Isn't that what the Supreme Court says? Post primarily dealt with what I believe is a venue issue in the District of Minnesota. I know. I know. And what division the indictment was properly ‑‑ It's a rather limited context, but they spoke rather broadly. They spoke broadly in a very limited context. It's kind of dicta in a way. It wasn't essential to their whole thing, right? It's dicta, absolutely. And I would instruct the Court to consult the Fifth Amendment. The Fifth Amendment discusses grand jury proceedings for felonies and capital punishments. I would then direct the Court to the courts that I previously cited, as well as the Federal Rules of Criminal Procedure. This grand jury was summoned under the Federal Rules of Criminal Procedure. Subpoena was issued to Mr. Ledbetter to provide his testimony under the Federal Rules of Criminal Procedure. And an indictment was returned by the grand jury. Okay. Any other questions, Judge? Well, what's your argument on the rest of the information before the grand jury? I think ‑‑ I suppose you don't win on the first point. Can you win on the second? Absolutely. Special Agent Applegate provided ample evidence with regard to the tax violations here. Most of that evidence was actually provided by the defendant to the IRS. That's evidence of intent and willfulness in and of itself. His willfulness to disobey not only Title 26, but as well as violation of Title 18, which the Court pointed out. And I would direct the Court also to look at my brief on page 15, where I do discuss the term tax in and of itself, irrespective of the other language that's provided with regard to noncriminal on page 15. Special Agent Applegate stated he averged the elements on Grand Jury Transcript 1 on January 26, pages 9 to 10. He provided evidence of the tax due and owing on pages 8 and 9. The affirmative acts of the defendant on pages 10. The knowledge of the taxes and willfulness were in pages 14 to 15, 19 to 20, 21 to 22, and 33 to 36. And I believe 12 exhibits were entered into evidence, all of which derived from the defendant. Thank you. Thank you for your time, Your Honor. Thank you. Case 1010227, United States of America v. Edwards is submitted.
judges: Block, Noonan, Smith N. R.